UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBRAN KHALIL EDWARDS,<br><br>    Petitioner,<br><br>    v.<br><br>T VIRGA, Warden,<br><br>    Respondent. | NO. CV 12-10774 VAP (AS)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATIONS OF<br>UNITED STATES MAGISTRATE JUDGE** |

    Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court accepts and adopts the Magistrate Judge's Report and Recommendation. After having made a <u>de novo</u> determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. However, the Court addresses certain arguments raised in the Objections below.

In his objections, Petitioner contends that the Magistrate Judge erred in failing to address the "diligence" requirement when evaluating whether the Petition was entitled to equitable tolling based upon a mental impairment and claims that he is entitled to equitable tolling for his untimely Petition because he was "'otherwise diligent' in attempting to comply with the AEDPA 1-year deadline." Thus, Petitioner contends that, "although [he] might not have shown or demonstrated a substantial 'mental impairment,' he otherwise did in fact substantially show and satisfy . . . equitable tolling eligibility, based on 'otherwise being diligent.'" (Objections at 3). As set forth below, Petitioner's claim must be denied because Petitioner *is* required to show a mental impairment even if he was diligent in attempting to file a timely petition.

The Ninth Circuit's two-part test for an equitable tolling claim based on mental impairment requires a petitioner to show (1) that his mental impairment was "so severe that either (a) [he] was unable rationally or factually to personally understand the need to timely file, or (b) [his] mental state rendered him unable personally to prepare a habeas petition and effectuate its filing;" **and** (2) "diligence in pursuing the claims to the extent petitioner could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." <u>Bills v. Clark</u>, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citations omitted) (emphasis added). With respect to the diligence requirement, Petitioner must show that his mental impairment was a "but for cause of [the] delay," i.e., "it interfere[d] with the ability to understand the need for assistance, the

2

ability to secure it, or the ability to cooperate with or monitor assistance" that was secured. Bills at 1100.

Bills provides guidance for applying its two-part test: "[T]o evaluate whether a petitioner is entitled to equitable tolling, the district court must: (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements." Id. at 1100-01.

The Magistrate Judge concluded, after reviewing Petitioner's extensive and detailed Mental Health Records, that Petitioner had failed to make a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing. The Magistrate Judge also found that, during the relevant AEDPA limitations period, Petitioner had used the law library to consult authority favorable to the arguments made in his petition and had filed supplemental pleadings to support his claims and that therefore, Petitioner had failed to show that he had suffered a mental impairment which "prevented him from understanding the need to timely file a petition or rendered him unable to prepare a petition or cause a petition to be filed." See Report at 19-20. Therefore, the Magistrate

Judge concluded that Petitioner had not established that he was entitled to equitable tolling and his Petition was untimely. Id. at 22-23.

Accordingly, Petitioner's objections to the Report and Recommendation do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on counsel for Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 5, 2014.

VIRGINA A. PHILLIPS
UNITED STATES DISTRICT JUDGE